UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES HOSKINS,

        Petitioner,

v.                                                     Case No. 22-cv-0874-bhl

STATE OF WISCONSIN,

        Respondent.

---

## SCREENING ORDER DISMISSING PETITION

---

On August 1, 2022, petitioner James Hoskins, a pretrial detainee currently held at the Milwaukee County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2241. (ECF No. 1.) That same day, Hoskins moved for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This Court now conducts a preliminary review of Hoskins' petition, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Under Rule 4, the Court must screen Hoskins' petition, and:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court. *See Bradley v. Fuchs*,

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g.*, *Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) (construing a petition for writ of habeas corpus improperly brought under Section 2254 as having been brought under Section 2241 and conducting a preliminary review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases).

No. 21-CV-49-JDP, 2021 WL 1946408, at *1 (W.D. Wis. Apr. 27, 2021) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Hoskins is charged with second-degree reckless endangering safety. (ECF No. 1 at 4.) He has been confined awaiting trial since January 19, 2022. (*Id.*) His petition appears to argue that he has been denied a speedy trial under Wis. Stat. Section 971.10, and thus, also denied his right to constitutional due process. (*Id.* at 2, 10-14.) But violations of a state's speedy trial act do not necessarily implicate the federal Constitution. *See Brink v. Rouch*, 677 F. Supp. 569, 571-72 (C.D. Ill. 1988). Like the petitioner in *Brink*, here, Hoskins has not alleged factors that might establish a federal speedy trial claim. *Id.* at 572. His petition contemplates only a violation of state law, and "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.s. 62, 67 (1991) (internal quotations omitted).

Even if Hoskins had identified a constitutional error, the relief he requests is not within this Court's power to grant. Hoskins seeks pretrial release and dismissal of all pending charges. This kind of federal habeas relief is usually unavailable because "[t]he exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." *Blanck v. Waukesha Cnty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999). A pretrial petitioner is only held to have exhausted his state court remedies in "special circumstances." *U.S. v. Elron*, 589 F.2d 327, 329 (7th Cir. 1979). Special circumstances may exist when a pretrial petitioner asks a federal court to vindicate his federal speedy trial rights. *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999). But only if the petitioner seeks to force a trial; he cannot ask the Court to "dismiss[] a pending state criminal charge outright." *Id.* Because Hoskins seeks outright dismissal of pending state charges, his petition does not present a special circumstance.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on August 29, 2022.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge